**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| VICTOR SAMUEL LOPEZ TERRON, | ) | |
| | ) | |
| Petitioner, | ) | No. 3:26-cv-01494-CB |
| | ) | |
| v. | ) | Chief Judge Cathy Bissoon |
| | ) | |
| LEONARD ODDO, et al., | ) | |
| | ) | |
| Respondents. | ) | |

**<u>MEMORANDUM ORDER</u>**

The Court hereby **DENIES** Petitioner's Emergency Motion for a Temporary Restraining Order and Order to Show Cause (Doc. 2) (the "TRO Motion" or "Mot.").

On August 3, 2026, Petitioner filed a TRO Motion alongside a Petition for Writ of Habeas Corpus (Doc. 1) (the "Petition" or "Pet."). Petitioner represents that he is a native and citizen of Guatemala currently detained at the Moshannon Valley Processing Center ("Moshannon") who was arrested on July 30, 2026, after residing in the United States for over a decade. Mot. at ¶¶ 1, 3, 5–6. Petitioner has no criminal history and is gainfully employed. Id. at ¶ 6.

Substantively, Petitioner challenges his continued detention pending removal proceedings without a bond hearing under 8 United States Code Section 1226 and the Due Process Clause of the Fifth Amendment. See id. at ¶ 7. Petitioner's Motion seeks, among other relief,[1] a TRO

---

[1] Petitioner's TRO makes a single mention of a preliminary injunction in the relief section but refers only to TROs throughout the rest of the motion. Mot. at p. 2. ("Order Respondents to show cause why a preliminary injunction should not be issued…."). The court will treat this motion as it is captioned.

enjoining Respondents from removing Petitioner from the United States pending resolution of his

Petition.  Id. at p. 2.[2]

First, Petitioner has not demonstrated such immediate and irreparable injury to justify the

issuance of a TRO before notice to the government or an opportunity to be heard in opposition.

See Fed. R. Civ. P. R. 65(b) (authorizing TROs without notice if the facts "clearly show that

immediate and irreparable injury, loss, or damage will result to the movant before the adverse

party can be heard in opposition").  Petitioner makes no mention of the notice requirement at all.

The spirit of Petitioner's Motion indicates that he is seeking to prevent Respondents from

moving or removing him while his Petition is pending.  Mot. at ¶¶ 5–6, p. 2.  However, transfer

outside this district would not deprive this Court of jurisdiction over his Petition.[3]  See Khalil v.

President, United States, 164 F.4th 259, 269–71, 273 (3d Cir. 2026) (holding that habeas

jurisdiction remains with the district of the detainee's confinement at the time of filing,

regardless of subsequent transfer of the detainee out of the district or amendment of the petition).

Nor does it appear that Respondents could immediately remove Petitioner, given the posture of

his removal proceedings.[4]

---

[2] Petitioner's TRO is three pages in length. It begins with numbered paragraphs (¶¶ 1–8) on page 1, then continues with unnumbered paragraphs on pages 2–3. This Memorandum Order will cite to specific paragraph number, if applicable. Otherwise, it will cite to page number.

[3] Additionally, the Court has doubts as to whether it has jurisdiction to enjoin Respondents from transferring Petitioner to another detention facility.  See 8 U.S.C. § 1252(a)(2)(B)(ii) (("Notwithstanding any other provision of law . . . , including section 2241 of Title 28, or any other habeas corpus provision, . . . no court shall have jurisdiction to review . . . any [] decision or action of the Attorney General or the Secretary of Homeland Security the authority for which is specified under this subchapter to be in the discretion of the Attorney General or the Secretary of Homeland Security . . . ."); 8 U.S.C. § 1231(g)(1) ("The Attorney General shall arrange for appropriate places of detention for aliens detained pending removal or a decision on removal.").

[4] As of the date of this Memorandum Order, there is no indication that Petitioner has a final order of removal, nor any scheduled upcoming immigration court proceedings, according to the

Having so found, the Court understands Petitioner's habeas petition ultimately to be seeking a prompt review of the lawfulness of his detention, and relief in the form of, at a minimum, an individualized bond hearing. Consistent therewith, an expedited case management schedule will issue forthwith.

IT IS SO ORDERED.

August 11, 2026

s/Cathy Bissoon
Cathy Bissoon
Chief United States District Judge

cc (via ECF email notification):
All Counsel of Record

Executive Office for Immigration Review's case status page (accessible at https://acis.eoir.justice.gov/en/).

3